## COMMONWEALTH *vs.* JOSEPH JONES.

An indictment for being a common seller of intoxicating liquors at a town named in this commonwealth need not allege that the liquors sold were in the Commonwealth at the time of the sale.

INDICTMENT on *St.* 1855, *c.* 215. The first count alleged that the defendant at a certain time " at Needham in the county of Norfolk aforesaid, without any legal authority therefor, did presume to be and was a common seller of intoxicating liquor, against the peace of said commonwealth, and the form of the statute in such cases made and provided."

The defendant, being convicted in the court of common pleas, moved in arrest of judgment, " because it does not appear, in and by said first count, that the liquor sold by the defendant

ever was in or to be in this commonwealth; for anything tha appears by said first count, the defendant may have sold liquor by sample or otherwise, which was at the time in another state, there to be delivered." *Perkins*, J. overruled the motion, and the defendant alleged exceptions.

*G. A. Somerby*, for the defendant, cited *Searle* v. *Keeves* 2 Esp. R. 598; *Lansing* v. *Turner*, 2 Johns. 12; *Tuxworth* v *Moore*, 9 Pick. 348; *Whitaker* v. *Sumner*, 20 Pick. 405.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

By THE COURT. The only ground relied upon is, that it does not appear that the intoxicating liquor was in the Commonwealth at the time of the sale. It is conceded that this indictment is in the ordinary form, and we are of opinion that it is sufficient. It must be presumed, after verdict, that the evidence at the trial proved that the sale was made within the Commonwealth. *Exceptions overruled.*